IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KHALID MOUTON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-4 (MTT) |
| AHMED HOLT, et al., | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Khalid Mouton, a prisoner within the Georgia Department of Corrections, moves to proceed in this case through his next friend Beverly B. Martin. Doc. 2.

"It is well established that the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (citation and internal quotation marks omitted). Under Federal Rule of Civil Procedure 17(c), "an incompetent person who does not have a duly appointed representative may sue by a next friend." A court may "appoint a guardian ad litem—or issue another appropriate order—to protect [an] incompetent person." Fed. R. Civ. P. 17(c). "Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Ark.*, 495 U.S. 149, 162 (1990).

A "next friend must first prove that the real party in interest cannot pursue his own cause due to some disability, such as mental incompetence, and must show some

relationship or other evidence that demonstrates the next friend is truly dedicated to the interests of the real party in interest." *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999) (evaluating next friend standing in a habeas petition).

Here, it is clear to the Court that Mouton is not able to pursue this case on his own.  Mouton suffered a stroke that has left him severely injured.  Docs. 2 at 1-2; 2-1 ¶¶ 6-7, 13.  Dr. Zivot[1], who reviewed Mouton's medical records and photos and videos of his condition, concluded that Mouton's capacity to speak and understand what others are saying is greatly diminished, his right leg, arm, and hand are inoperative, he cannot walk, and he has vision loss, rendering him unable to read.  Docs. 2 at 2; 2-1 ¶¶ 9-12.  Dr. Zivot further concluded that "Mr. Mouton cannot manage his personal needs without assistance.  This is particularly so given his stroke-induced aphasia, which impedes his ability to communicate, problem solve, and comprehend."  Doc. 2-1 ¶ 14.  It is also clear to the Court that Ms. Martin is truly dedicated to Mouton's interests.  Doc. 2-2 ¶¶ 10-11.  She is familiar with Mouton's case, has met with Mouton, has no conflicts of interest, and is willing to serve, pro bono, as his next friend.  *Id*. ¶¶ 9-12; Doc. 2 at 3.

Accordingly, plaintiff's motion to appoint next friend (Doc. 2) is **GRANTED**.

**IT IS ORDERED** that Beverly B. Martin is hereby appointed as next friend for Mouton for purposes of this action.

**SO ORDERED**, this 9th day of January, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Dr. Zivot is a physician and medical school professor.  Doc. 2-1 ¶ 2.  He is "very familiar with patients suffering from the same constellation of symptoms as Khalid Mouton."  *Id*. ¶ 3.