IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY B. MARTIN, as next friend of KHALID MOUTON, § § § § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. |
| § | 5:23-cv-00004-MTT-CHW |
| JAVAKA JOHNSON, *et al.* § § | |
| *Defendants*. § § | |

**DEFENDANT JAVAKA JOHNSON'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

COMES NOW Defendant Javaka Johnson with her Motion to Dismiss Plaintiff's Complaint, (Doc. 1), and brief in support, showing the Court the following:

**INTRODUCTION**

Plaintiff's 47-page, 127-paragraph Complaint, alleges two claims against every Defendant. First, Plaintiff alleges a violation of the Eighth Amendment, under 42 U.S.C. § 1983, for the deliberate indifference to a serious medical need. Second, Plaintiff asserts a violation of the Eighth Amendment, under 42 U.S.C. § 1983, for solitary confinement.

Plaintiff has failed to make sufficient factual allegations, free of conclusory legal statements, to make a valid claim against Defendant Johnson. Plaintiff repeatedly refers collectively to "Defendants," lacking any specificity about Johnson, that would nudge Plaintiff's claims against her from the possible to the plausible.

1

Plaintiff's Complaint is also a shotgun pleading. All Defendants are lumped together in Plaintiff's allegations, including many allegations that could not reasonably refer to Johnson. Despite the Complaint's reference to "all Defendants," most of these allegations do not and could not refer to Johnson. Between the irrelevant factual allegations and legal conclusions, it is impossible to surmise what conduct Plaintiff imputes to Johnson.

### FACTS ALLEGED IN THE COMPLAINT[1]

Plaintiff alleges that Khalid Mouton, while being housed in the Tier II program at the, now-closed, Georgia State Prison, was held in solitary confinement. (Doc. 1 ¶ 1). Plaintiff alleges that Mr. Mouton had a stroke on January 4 or 5, 2021. (*Id.*). On January 7, 2021, Mr. Mouton was discovered unconscious in his cell. (*Id.* ¶ 4). Mr. Mouton was airlifted to a hospital in Savannah where it was determined that he had suffered a stroke and was outside the window for medical intervention. (*Id.* ¶¶ 4-5). Because of the stroke, Mr. Mouton has paralysis on the right side of his body and aphasia. (*Id.* ¶ 7).

Plaintiff alleges that Defendant Johnson was a Tier II Program Unit Manager that was responsible for making "daily security inspections" of the solitary confinement unit. (*Id.* ¶ 26). Plaintiff contends, "[b]y information and belief," that Defendant Johnson "was required by prison policy to inspect the dormitory once per day." (*Id.* ¶ 58).

---

[1] The Complaint is lengthy and contains many allegations that are ostensibly made against "all Defendants." The fact section will limit itself only to those allegations specifically made against Defendant Johnson. Defendant merely recites the allegations in the Complaint and does not admit the allegations nor waive any defenses or objections thereto.

**ARGUMENT AND CITATION TO AUTHORITY**

Plaintiff's Complaint should be dismissed for two reasons: there is not sufficient factual support, free of legal conclusion, to state a claim for relief under the standards from *Iqbal*[2] and *Twombly*.[3] And the Complaint is a shotgun pleading that does not delineate what facts they claim are attributable to Defendant Johnson, instead lumping "all Defendants" into each factual allegation without a modicum of specificity. From the allegations in the Complaint, the claims asserted against Defendant Johnson are merely possible and do not satisfy the requirement to show that the claims are plausible.

**I.   THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT JOHNSON.**

Under Fed. R. Civ. P. 12(b)(6), the Court must accept the Complaint's factual allegations as true. *Hardy v. Regions Mort., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). But to survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

In *Iqbal* the Court wrote, while a court must accept all factual allegations in a complaint as true, it need not accept legal conclusions. Repeating that "only a complaint that states

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

3

a plausible claim for relief survives a motion to dismiss," the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    A.  <u>Plaintiff has not stated a claim for deliberate indifference to a serious medical need.</u>

To state a claim for deliberate indifference to a serious medical need, Plaintiff must show that Defendant Johnson had subjective knowledge of the risk of serious harm and disregarded that risk while acting with more than gross negligence. *Sanders v. Starling*, 2022 WL 6644768, 2022 U.S. App. LEXIS 28220, at *7 (11th Cir. 2022). "Deliberate indifference is 'far more onerous than normal tort-based standards of conduct sounding in negligence.'" *Id.* (citing *Swain v. Junior*, 961 F.3d 1276, 1288 (11th Cir. 2020)). "Medical care violates the Eighth Amendment 'only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* (citing *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)).

    The only discreet allegation about Defendant Johnson is that she was required by policy to make a "security inspection" of the dormitory once per day. (Doc. 1 ¶¶ 26, 58). Plaintiff imputes "actual and subjective" knowledge on all Defendants that they were aware of the conditions at the Prison. (*Id.* ¶¶ 88-90). But there are no allegations that

4

would permit the inference that Defendant Johnson had knowledge that inmates were at risk for strokes. The Complaint imputes this subjective knowledge on "all Defendants" without any basis or factual allegations specific to Defendant Johnson. It is not alleged that Defendant Johnson's "daily security inspection" did not take place or that it should have revealed Mr. Mouton's stroke. The allegation that there was a violation of policy by Defendant Johnson is based solely on "information and belief." (Doc. 1 ¶ 58). But "allegations made upon information and belief that do not contain any factual support fail to meet the *Twombly* standard." 2021 WL 8775762, 2021 U.S. Dist. LEXIS 247489, at *11 (S.D. Fla. Dec. 28, 2021).

- B. <u>A claim for deliberate indifference to the conditions of confinement has not been sufficiently plead to survive a Motion to Dismiss.</u>

The conditions of confinement under the Eighth Amendment are analyzed using a two-part analysis. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Under the first objective prong, Plaintiff must prove that the condition is "sufficiently serious to violate the Eighth Amendment" by showing, at the very least, that the condition "poses an unreasonable risk of serious damage to [ ] health or safety." *Id.* Under the second subjective element, Defendant Johnson must have acted with more than gross negligence and must "know of and disregard an excessive risk to health and safety," and be "aware of facts" that would have led her to draw the inference that there was an excessive risk to health and safety. This claim relates to solitary confinement and, while the Complaint lists a litany of risks associated with solitary confinement, the only identifiable physical harm that has been alleged relates to Mr. Mouton's stroke. (Doc. 1 ¶¶ 121-127).

The Complaint is devoid of any discreet factual allegations that are relevant to Defendant Johnson. While the Complaint contains information regarding a problem with understaffing, there are no allegations that Defendant Johnson had any power over staffing or that knowledge of understaffing could have provided objective or subjective knowledge that there was an unreasonable risk of inmate strokes.[4]

The Complaint also contains several citations to writings concerning the dangers of solitary confinement and the claim that Plaintiff's counsel mailed letters to "Defendants" about conditions. It is not alleged, nor can it be inferred, that notice was mailed to Defendant Johnson. Again, none of these allegations impute objective or subjective knowledge of the risk of strokes to Johnson.

Accepting Plaintiff's allegations concerning the conditions at the Prison as true, including a history of suicide and homicide, it would take a logical leap to impute knowledge of the danger of strokes to inmates in solitary confinement to Defendant Johnson.

The Complaint's blanket allegations about "all Defendants" without any specificity as to Defendant Johnson, do not move the needle from possible to plausible that she is responsible for a constitutional deprivation.

---

[4] While it has not been alleged that Johnson had any powers to cure staffing problems, the mere allegation that a prison is understaffed does not state a viable claim. *See*, *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003) (holding that a decision not to hire additional staff did not support a § 1983 claim where there was no evidence that the inmates were likely to commit suicide).

## II.  THE SHOTGUN COMPLAINT DOES NOT SET FORTH VALID CLAIMS AGAINST JOHNSON.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Though shotgun pleadings vary in approach, some of the impermissible elements exhibited in Plaintiff's Complaint are: (1) multiple counts that each adopt the allegations of the preceding counts; (2) conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action; and (3) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act." *McDonough v. City of Homestead*, 771 Fed. App'x 952, 955 (11th Cir. 2019).

The Complaint's allegations are repeatedly made against "all Defendants" or "Defendants," without any specifying which of those acts Defendant Johnson is allegedly liable for. Several paragraphs purport to illustrate the reasons why "Defendants" had actual or subjective knowledge of a risk of harm— these include scholarly articles, papers, audits, and letters written "to Defendants" by Plaintiff's counsel— but none support a logical inference that Defendant Johnson shared in that knowledge. (Doc. 1 ¶¶ 82-85, 92-108). There are no factual allegations from which the Court can infer that Defendant Johnson had objective and subjective knowledge of an extreme risk of strokes to inmates.

Counts I and II make allegations ostensibly applicable to all Defendants, without regard for how Johnson's individual actions allegedly violated the constitution. (*Id*. ¶¶ 109-126). For example, Plaintiff alleges that "all Defendants" are responsible for the "failure of officers to conduct the 15- and 30-minute checks." (*Id*. ¶ 112). This is a direct

7

contradiction from the earlier allegation that Johnson was only required to perform "daily security inspections." And the allegations concerning other inmates providing notice that Mr. Mouton was unresponsive are also alleged against "Defendants," but the factual allegations make it impossible to infer that each of the twenty-four Defendants was aware of the purported notice.

The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" pleadings that allege claims "against multiple defendants without specifying which defendants are responsible for which acts." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008); *McDonough*, *supra*. The Complaint is a shotgun pleading. Defendant Johnson is repeatedly lumped in with every other Defendant. Based on the large number of allegations, many irrelevant as to Johnson, it is not reasonably possible to determine which of the allegations Plaintiff claims Defendant Johnson is responsible for or what objective or subjective knowledge Plaintiff believes Johnson had. Nor is it possible to determine which of the factual allegations refer to Johnson since the Complaint says all of them are applicable to "Defendants" collectively.

The Eleventh Circuit has held that shotgun complaints "wreak havoc on the judicial system," making it difficult to narrow and define the issues or permit the parties to conduct efficient, targeted discovery. Because the Complaint is a shotgun pleading, it should not be permitted. Plaintiff should be given the opportunity to cure the pleading. If, after the opportunity to cure the Complaint, the factual allegations against Johnson are still scant, the Court should dismiss the claims against Defendant Johnson.

## **CONCLUSION**

Based on the arguments made above, Plaintiff's Complaint against Defendant Johnson should be dismissed.

Respectfully submitted this 23rd day of February, 2023.

                                                HENEFELD & GREEN, P.C.

                                                /s/ Noah Green
                                                Noah Green
                                                Georgia Bar No. 468138
                                                *Attorney for Defendant Johnson*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY B. MARTIN, as next friend of KHALID MOUTON, | § § § § |
| *Plaintiff*, | § |
| v. | §   CIVIL ACTION NO. |
| | §      5:23-cv-00004-MTT-CHW |
| JAVAKA JOHNSON, *et al.* | § |
| | § |
| *Defendants*. | § |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record with a true and correct copy of Defendant Johnson's Motion to Dismiss, using the Court's electronic filing system which will automatically serve all counsel of record using each electronic mail address on file with the Court.

 This 23rd day of February, 2023.

                                                  HENEFELD & GREEN, P.C.

                                                /s/ Noah Green
                                                Noah Green
                                                Georgia Bar No. 468138
                                                *Attorney for Defendant Johnson*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com